1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  LANCE R. MARTIN,                        CV F   05  629  AWI SMS LG

10                    Plaintiff,           ORDER DISMISSING COMPLAINT WITH
                                           LEAVE TO AMEN D (Doc. 1.)
11       v.

12

13  GONZALES, et. al.,

14                    Defendants.
    _____/

15

16        Lance R. Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

17  in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on

    May 12, 2006.

18

**A.  SCREENING REQUIREMENT**

19

20        The court is required to screen complaints brought by prisoners seeking relief against a

    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21

22  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

25

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27

28        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1

1   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

2   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

3   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

4   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

5   complaint under this standard, the court must accept as true the allegations of the complaint in

6   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

7   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

8   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9   **B. SUMMARY OF COMPLAINT**

10          Plaintiff alleges that on June 10, 2003, he sought treatment of Hepatitis C and that Dr.

11   Gonzales denied him treatment and instead ordered more lab tests.  Plaintiff states that Defendant

12   K. Allison oversees such matters and collaborated on the denial by Dr. Gonzales.  Plaintiff states

13   that Dr. Bhatt was the Chief Medical Officer and is in charge overall and collaborated with the

14   others regarding the denial.  Plaintiff states that Defendant Snow examined Plaintiff on July 3,

15   2003, and referred Plaintiff to see a "hepatologist" but he was never seen.

16   **C. DISCUSSION**

17          ***1.  Linkage Requirement***

18          The Civil Rights Act under which this action was filed provides:

19                  Every person who, under color of [state law] . . . subjects, or causes
                    to be subjected, any citizen of the United States . . . to the
20                  deprivation of any rights, privileges, or immunities secured by the
                    Constitution . . . shall be liable to the party injured in an action at
21                  law, suit in equity, or other proper proceeding for redress.

22
23   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

     the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
24
     Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25
     (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
26
     constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
27
     in another's affirmative acts or omits to perform an act which he is legally required to do that
28

2

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Eighth Amendment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff alleges that the Defendants were deliberately indifferent because Dr. Gonzales did not give Plaintiff the treatment he felt he needed and instead ordered more lab tests. According to the remainder of the Complaint, Plaintiff states that Defendant Gonzales informed him that "because of the low viral results that appeared in his initial testing . . . [Plaintiff] did not require the treatment, nor did Plaintiff show signs of liver damage."  (Complaint at 5.)

Plaintiff's allegations are insufficient to support a claim for relief under Section 1983 for violation of the Eighth Amendment. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to as 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (*internal citation omitted*). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986) (internal citations omitted). In this instance, plaintiff has not alleged any facts that would support a claim that defendant Parkinson "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at 837. Plaintiff's allegations indicate a disagreement with the course of treatment chosen by defendant Parkinson for plaintiff's illnesses.  This is an insufficient basis upon which to impose liability under Section 1983.

### 3. Supervisory Liability

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

1   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List,

2   880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts

3   must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County

4   Narcotics Unit, 507 U.S. 163, 168 (1993).

5       Plaintiff has not alleged any facts indicating that Defendants Allison, Bhatt or Snow,

6   personally participated in the alleged deprivation of constitutional rights; knew of the violations

7   and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the

8   policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

9   constitutional violation.'"  Hansen v. Black at 646.  As such, Plaintiff fails to state a cognizable

10   claim against any of these Defendants.

11       ### *4. Section 1981 - Equal Protection*

12       42 U.S.C. § 1981 prohibits racial discrimination by private actors.  Evans v. McKay, 869

13   F.2d 1341, 1344 (9th Cir. 1989).  The Defendants in this case are state actors.  To the extent

14   Plaintiff is attempting to state an equal protection claim, his Complaint also fails to state a claim

15   for relief.

16       Equal protection claims arise when a charge is made that similarly situated individuals are

17   treated differently without a rational relationship to a legitimate state purpose.  See San Antonio

18   School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a

19   violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that

20   defendants acted with intentional discrimination against plaintiff or against a class of inmates

21   which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Reese v.

22   Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d

23   1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir.

24   1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).  "A plaintiff must allege

25   facts, not simply conclusions, that show that an individual was personally involved in the

26   deprivation of his civil rights."  Barren at 1194.

27       As noted above, Plaintiff alleges no claims to support an allegation of equal protection.

28       ### *5. Conspiracy*

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants.  Further, Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights.  In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that defendants conspired to violate an underlying constitutional right.

### 6.  42 U.S.C. § 1988

Plaintiff alleges a claim for relief under 42 U.S.C. § 1988.  Section 1988 does not create an independent cause of action.  See Moor v. County of Alameda, 411 U.S. 693, 703-04 n.17 (1973).  Therefore, Plaintiff may not pursue a claim for relief against Defendants under section 1988.

### 7.  State Law Claims

"To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988).  "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances."  Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted).

"[The] standard of care, which is the basic issue in malpractice actions, can be proven only by expert testimony.  Hutchinson, 838 F.2d at 392.  In order to defeat defendant's motion for summary adjudication on his state law claim, plaintiff *must* come "forward with conflicting

1   expert evidence." <u>Hutchinson</u>, 838 F.2d at 392-93.

2          The Court has "supplemental jurisdiction over all other claims that are so related to

3   claims in the action within such original jurisdiction that they form part of the same case or

4   controversy under Article III of the United States Constitution."   28 U.S.C. § 1367(a).   Section

5   1367 adopts the full constitutional limit of supplemental jurisdiction. <u>Mendoza v. Zirkle Fruit</u>

6   <u>Co.</u> 301 F.3d 1163, 1172-73 (9th Cir. 2002);   <u>Baer v. First Options of Chicago, Inc.</u>, 72 F3d 1294,

7   1299 (7th Cir. 1995).   Nonfederal claims are part of the same "case" as federal claims when they

8   "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be

9   expected to try them in one judicial proceeding." <u>Finley v. United States</u>, 490 U.S. 545, 549

10  (1989) (*quoting* <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966)).

11         In this case, Plaintiff has not alleges sufficient facts to state a cognizable federal claim for

12  relief.  Thus, the Court has no supplemental jurisdiction over any state claims.

13  **D. CONCLUSION**

14         The Court finds that Plaintiff's complaint does not contain any claims upon which relief can

15  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

16  time to file an Amended Complaint curing the deficiencies identified above should he wish to do

17  so.

18         Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

19  resulted in a deprivation of his constitutional rights. <u>See</u>, <u>Ellis v.  Cassidy</u>, 625 F.2d 227 (9th Cir.

20  1980).  The Amended Complaint must specifically state how each Defendant is involved.

21  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

22  connection between a defendant's actions and the claimed deprivation. <u>Rizzo v.  Goode</u>, 423,

23  U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.  1980); <u>Johnson v.  Duffy</u>, 588

24  F.2d 740, 743 (9th Cir.  1978).

25         Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be

26  complete in itself without reference to any prior pleading.  As a general rule, an Amended

27  Complaint supersedes the original complaint. <u>See</u> <u>Loux v.  Rhay</u>, 375 F.2d 55, 57 (9th Cir.

28  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

claim and the involvement of each defendant must be sufficiently alleged.  The Amended

Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

appropriate case number, and be an original signed under penalty of perjury.

Finally, Plaintiff is informed that an Amended Complaint must conform to Rule 8(a) of

the Federal Rules of Civil Procedure.  Rule 8(a) calls for a "short and plain statement of the

claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of

notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation

of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id.

at 47.  Thus, Plaintiff should make every attempt to make his claims short and plain.

**E.  ORDER**

The Court HEREBY ORDERS:

1.	The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

	complaint form;

2.	The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

	from the date of service of this order, Plaintiff SHALL:

	a.	File an Amended Complaint curing the deficiencies identified by the Court

		in this Order, or

	b.	Notify the Court in writing that he does not wish to file an Amended

		Complaint and pursue the action but instead wishes to voluntary dismiss

		the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a

Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    October 4, 2006**	          **/s/ Sandra M. Snyder**
icido3	UNITED STATES MAGISTRATE JUDGE

8