# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN, | 1:05-cv-00629-AWI-SMS-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO REOPEN CASE AND REINSTATE MOTION FOR PRELIMINARY INJUNCTION (Docs. 33, 34.) |
| v. | |
| G. GONZALES, et al., | |
| Defendants. | |

Lance R. Martin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 29, 2007 and November 1, 2007, plaintiff filed motions to voluntarily dismiss his case. (Doc. 26.) On November 5, 2007, the court granted plaintiff's motions and dismissed this action without prejudice pursuant to Rule 41(a)(1)(i), and the case was closed. (Doc. 28.) On November 10, 2008, plaintiff filed a motion to withdraw his motion for preliminary injunction. (Doc. 32.) On February 25, 2009, plaintiff filed a notice indicating that he does not wish to voluntarily dismiss this action or withdraw the motion for preliminary injunction. (Doc. 33.) On March 6, 2009, plaintiff filed a supplemental exhibit to the motion for preliminary injunction. (Doc. 34.)

"[U]nder Rule 41(a)(1)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999)

| | |
|---|---|
| 1 | (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). "[A] dismissal under |
| 2 | Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no |
| 3 | action had been brought, the defendant can't complain, and the district court lacks jurisdiction to |
| 4 | do anything about it." Id. at 1078. |

Plaintiff wishes to reopen his case and reinstate his motion for preliminary injunction. Plaintiff claims that he was under duress from food poisoning when he filed the motion to voluntarily dismiss this action and the motion to withdraw the motion for preliminary injunction.

Plaintiff dismissed this case almost a year and a half ago. The case was dismissed without prejudice to re-filing the case at a later time. Given the ongoing nature of the injury Plaintiff claims, he is able to file a new complaint including these claims. In light of the length of time involved, the better remedy is for Plaintiff to file a new Section 1983 action, not to reopen the prior action. Accordingly, IT IS HEREBY ORDERED that plaintiff's request to reopen this case and reinstate the motion for preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated:   April 8, 2009                    /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE